(70 South. 321)

No. 20034.

HOLLOWAY et al. v. DUMAS.

(Nov. 2, 1915.  Rehearing Denied Dec. 13, 1915.)

*(Syllabus by the Court.)*

MUNICIPAL CORPORATIONS ☜706—STREETS—AUTOMOBILE ACCIDENT—NEGLIGENCE—SUFFICIENCY OF EVIDENCE.

Where, in an action for damages for personal injuries, the evidence fails to establish the negligence attributed to the defendant, but, to the contrary, shows that the facts were quite otherwise than as alleged, the demands of the plaintiff are properly rejected.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1518; Dec. Dig. ☜ 706.]

Appeal from Civil District Court, Parish of Orleans; E. K. Skinner, Judge.

Action by Mrs. Jamil Holloway and husband against Alexander Dumas. From judgment for defendant, plaintiffs appeal. Affirmed.

W. J. Waguespack, of New Orleans, for appellants.  Edward Rightor, of New Orleans, for appellee.

MONROE, C. J.  This action is brought on behalf of the minor, Alfred Hakin, for the recovery of damages for personal injuries sustained by him in a collision with an automobile operated by the defendant, and there is a further claim on behalf of the tutrix for the reimbursement of expenses incurred by her.  The district court gave judgment for defendant, and plaintiff has appealed.

It is alleged that the minor, who was about 14 years of age at the time of the accident, was riding a bicycle near the corner of Berlin and Howard streets, when defendant, who was driving an automobile, "suddenly and with great violence, with his automobile, knocked him down and ran over him," inflicting various injuries, and breaking the bicycle; that the accident was attributable entirely to the fault and negligence of defendant—

"who was not versed in the science of running an automobile, was running it on the left side, instead of * * * the right side, of the street, and * * * at an excessive rate of speed, to wit, 25 miles an hour, and suddenly dashed across the street, against the minor."

We concur in the view expressed by the judge a quo that the evidence fails to establish the negligence attributed to the defendant, but, to the contrary, shows that the facts were quite otherwise than as alleged.

Defendant had owned and handled an automobile for 2 years prior to the accident, and was also the owner of a power boat, and is shown to have been a careful man. It also shows that, at the time of the accident, he was driving his machine out Berlin street, on the lower, or right, side, going towards the woods, at a reasonable speed, and that he did not "suddenly dart across the street" but that, in the effort to avoid the collision, he turned the machine to the right and ran the front wheels on the banquette, and that the minor, coming rapidly down the cross (Howard) street, on his bicycle, and turning into Berlin street, ran into the machine. The minor was employed as a messenger in a drug store at the corner of Valence and Fretet streets, and was provided with a bicycle in order to enable him to execute his errands with despatch. Speaking of the occasion here in question, he says, in his testimony:

"I was going to Main's drug store, corner of Napoleon avenue and Milan street, with my friend Lucien Marks."

Valence street is three squares above, and Milan street, two squares below, and both streets ran parallel with Napoleon avenue, while Berlin street, where the accident occurred, also lies parallel with Napoleon avenue, and between the avenue and Milan street. Unless, therefore, there is some error in the official map of the city, the boy, coming from a point three squares above Napoleon avenue, and seeking a corner formed by that avenue and a parallel street, had gone one square below the avenue in order to find it. He further says that his friend, Lucien Marks, who started with him, also on a bicycle, left him at Napoleon avenue and Howard street (one square above the scene of the accident), and that they agreed to meet again at the corner of Liberty and Berlin streets. Marks' version of the matter is that he thought, when they separated, that Hakin would take the same route that he did, but, as they were both using the banquette, and the banquette was narrow, he kept on going, and thought that he would meet Hakin at the corner of Liberty street. However that may be, Marks was riding merely for pleasure, and it appears to us not unlikely, under the circumstances, that they should both have put on considerable speed; and that idea finds support in the testimony as to the speed at which Hakin reached the corner of Berlin and Howard streets, which, with a momentary hesitation as to the course that he should then pursue, resulted in his running into defendant's machine, although defendant did the best he could to get out of his way. Hakin, it may be remarked, testifies that he came down Howard street on the river-side banquette, but defendant and another witness testify that he came down on the woods-side banquette, and there are some other conflicts in the testimony. The case was tried about a year after the accident, and, at that time, the boy appears to have recovered entirely from his injuries, which consisted of bruises and a lacerated ear, which latter had healed without leaving any very perceptible scar.

Judgment affirmed.